UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL HUMAN,  )<br>Individually and on behalf of all others  )<br>similarly situated,  )<br>  )<br>           Plaintiff,  )<br>  )<br>   vs.  )<br>  )<br>DENNIS DILLON AUTOMOTIVE  )<br>GROUP, INC., et al.,  )<br>  )<br>           Defendants.  )  | Case No. 4:24 CV 309 CDP |

## MEMORANDUM AND ORDER

On April 8, 2024, the parties notified this Court that they "reached a resolution of all the Parties' differences and disputes in the above-captioned matter." ECF 12. Accordingly, this Court vacated all deadlines and gave the parties 60 days to file a stipulation or motion for dismissal. ECF 13. Now, plaintiff has filed a "Motion to Set Resolution Aside," claiming that he has "failed to come to terms" with defendant. ECF 14. As the parties previously notified the Court that they had *actually* settled the case (not that they were *trying* to settle the case), the Court cannot simply "set aside" the notice of settlement and place the case back on its trial docket based on this motion. Instead, one or more of the parties must file a motion to either enforce or set aside the settlement agreement, at which point the Court will be forced to determine the nature and terms of any

settlement. **To avoid such a protracted and costly endeavor, however, the Court urges counsel and the parties to simply honor their representations made to this Court and comply with the terms of settlement without additional involvement of the Court.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Set Resolution Aside [14] is denied without prejudice to filing an appropriately supported motion to enforce or set aside settlement if necessary.

*[signature]*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of May, 2024.